<table>
<tr><td colspan="3" align="center">ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL IX</td></tr>
<tr>
<td>PETER ERIK DAHLSTROM Y PALOMA DEL MAR RIEGO MALDONADO t/c/c "PALOMA DAHLSTROM<br><br>Recurridos<br><br><br>V.<br><br><br>BHC, LLC; PUERTO RICO INVESTOR FUND, LLC; JAMIE L. BÁEZ MERCADO; JOSÉ M. PERDOMO RAMÍREZ; THE MONEY HOUSE, INC. Y OTROS<br><br>Recurrentes</td>
<td>KLCE202400199</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2021CV04400<br><br>Sala: 908<br><br>Sobre:<br><br>Saneamiento por Vicios Ocultos; Dolo Contractual; Acción de Rescisión de Contrato de Compraventa (Redhibitoria) y Daños y Perjuicios</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 15 de marzo de 2024.

Comparece ante nos BHC, LLC; Puerto Rico Investment Fund, LLC; Jamie L. Báez Mercado y José M. Perdomo Ramírez, en adelante "Peticionarios" y solicitan que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 9 de noviembre de 2023. Mediante el referido dictamen, el TPI declaró No Ha Lugar una *Moción de Sentencia Sumaria*.

Luego de deliberar los méritos del recurso ante nos, entendemos procedente no intervenir con la decisión recurrida. Si bien este foro apelativo no está obligado a fundamentar su determinación al denegar la expedición

de un recurso discrecional,[1] abundamos sobre las bases de nuestra decisión para que las partes no alberguen dudas en sus mentes sobre el ejercicio de nuestra facultad revisora y su justificación jurídica.

El TPI examinó la evidencia presentada junto a la solicitud de Sentencia Sumaria y la correspondiente oposición, y entendió que aún queda un único asunto para dirimir en la vista en su fondo, debidamente plasmado en la Resolución impugnada, sobre el conocimiento de los aquí recurridos sobre la condición de inundabilidad de la propiedad en cuestión.

Conforme a lo anterior, expresamos que no surge del expediente de este caso que el TPI actuase mediando prejuicio, parcialidad, error manifiesto o mediante craso abuso de su discreción.[2] Tampoco divisamos fundamentos jurídicos que motiven la expedición del auto instado al amparo de los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones.[3]

Basado en lo anterior, *denegamos* la expedición del auto de *certiorari* ante nuestra consideración.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[1] 32 LPRA Ap. V, R. 52.1.
[2] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).
[3] 4 LPRA Ap. XXII-B, R. 40.